Filed 3/16/22  P. v. McGilberry CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DONNELL MCGILBERRY,<br><br>    Defendant and Appellant. | A163578<br><br>(Alameda County Super.<br>Ct. No. 174406) |

Defendant Donnell McGilberry was convicted by a jury and sentenced to a lengthy prison term on charges of second-degree murder, attempted robbery, and carrying a loaded firearm on the person in an incorporated city, which prison term included the upper term of three years for the attempted robbery.  McGilberry argues—and the Attorney General concedes—that he is entitled to resentencing on the attempted robbery count under two pieces of legislation that became effective while this appeal was pending, the first of which created a presumption that the trial court will impose the middle term unless aggravating factors are found true by the jury, and the second of which created a presumption that the lower term will be imposed where the defendant is a youth or has suffered certain types of trauma.  Accordingly, we will vacate the sentence on the attempted robbery count and remand for resentencing.

1

# BACKGROUND

On August 6, 2015, defendant Donnell McGilberry was convicted by a jury of the second degree murder of Coty Luster (Pen. Code, § 187, subd. (a))[1] (count 1), attempted second degree robbery of Steven Thong (§ 211, 664) (count 2), and carrying a loaded firearm on the person in an incorporated city in connection with the attempted robbery (§ 25850) (count 3). (*People v. McGilberry* (July 24, 2018, A147924) [nonpub. opn.], pp. 3–4.)[2] The jury also found true certain firearm enhancements: with respect to count 1, the personal and intentional discharge of a firearm causing great bodily injury or death (§ 12022.53, subds. (b), (c), (d)) and personal infliction of great bodily injury (§ 12022.7, subd. (a)), and with respect to count 2, the personal use of a firearm (§ 12022.5, subd. (a); 12022.53, subd. (b)). (*People v. McGilberry*, *supra*, A147924, pp. 3–4.)

On February 1, 2016, the trial court sentenced McGilberry to an indeterminate term of 40 years to life plus a consecutive determinate term of 13 years, 4 months, calculated as follows: 15 years to life on count 1 plus 25 years to life on the firearm enhancement; the upper term of three years on count 2, plus 10 years for use of a firearm; and four months (one-third of the midterm) on count 3.

In sentencing McGilberry to the upper term for the attempted robbery, the trial court explained: "The Court is going to select the aggravated term of three years state prison, because aggravating factors far outweigh any mitigating factors." The probation report found five aggravating factors:

---

[1] Further statutory references are to the Penal Code.

[2] The Attorney General requests that we take judicial notice of our opinion and the record in McGilberry's first appeal (A147924), and we do so. (See Evid. Code, §§ 452, subd. (d), 459.)

2

(1) "The crimes involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness" (California Rules of Court, rule 4.421 (a)(1)); (2) "The defendant was armed with and/or used a weapon at the time of the commission of the crime" (California Rules of Court, rule 4.421 (a)(2)); (3) "The victim in Count 1 was particularly vulnerable in that he was unarmed when shot dead by the defendant.  The victim in Count 2 was particularly vulnerable in that he, too, was unarmed when confronted by the defendant who wielded a loaded firearm; the victim was also outnumbered because the defendant was aided by an accomplice" (California Rules of Court, rule 4.421 (a)(3)); (4) "The defendant was convicted of other crimes for which consecutive sentences could have been imposed but for which concurrent sentences are being imposed" (California Rules of Court, rule 4.421 (a)(7)); and (5) "The defendant has engaged in violent conduct which indicates a serious danger to society. He fatally shot one victim and acted in concert with an accomplice to commit an armed robbery of another" (California Rules of Court, rule 4.421 (b)(1)). The report also found one mitigating factor:  "The defendant has an insignificant record of criminal conduct, considering the recency and frequency of prior crimes" (California Rules of Court, rule 4.423 (b)(1)).

On July 24, 2018, we affirmed McGilberry's convictions but remanded the matter to the trial court to exercise its discretion under the then-recent amendments to section 12022.53, subdivision (h) enacted by Senate Bill No. 620 (Stats. 2017, ch. 682, § 2, eff. Jan. 1, 2018), which granted sentencing courts the discretion to strike or dismiss certain firearm enhancements.  (See *People v. McGilberry*, *supra*, A147924, pp. 14–15.)

On September 9, 2021, the trial court resentenced McGilberry on both firearm enhancements.  On the enhancement with respect to count 1, it

3

substituted the personal and intentional discharge of a firearm (§ 12022.53, subd. (c)) and imposed a sentence of 20 years. On the enhancement with respect to count 2, the trial court substituted the personal use of a firearm (§ 12022.5) and imposed a term of four years. Thus, McGilberry's new sentence was sentence was 35 years to life on count 1 (15 years to life plus the 20-year firearm enhancement), seven years on count 2 (the upper term of three years plus the four-year firearm enhancement), and the original four months on count 3.

McGilberry filed a notice of appeal.

## DISCUSSION

McGilberry argues that he is entitled to resentencing on count 2 under two pieces of recently enacted legislation, both effective January 1, 2022: Senate Bill No. 567 (Stats. 2021, ch. 731, § 1), which amends section 1170, subdivision (b)(1) to provide that the trial court "shall, in its sound discretion, order imposition of a sentence not to exceed the middle term" except in certain circumstances, and Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5), which amends section 1170, subdivision (b) to create a presumption that the trial court should impose the lower term where the defendant is under 26 years of age, or has suffered "psychological, physical or childhood trauma related to abuse, neglect or sexual violence."

### Senate Bill No. 567

At the time of McGilberry's resentencing on September 9, section 1170 provided that the choice between the lower, middle, and upper term "shall rest within the sound discretion of the court," with the court to determine which term "best serves the interests of justice." In doing so, the court could rely on "the record in the case, the probation officer's report, other reports . . . and statements in aggravation or mitigation submitted by the prosecution,

4

the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing." (Former § 1170, subd. (b).) The trial court could also consider the aggravating and mitigating factors set forth in California Rules of Court 4.421 and 4.423. And so the trial court in this case imposed the upper term on count 2, "because aggravating factors far outweigh any mitigating factors."

On October 8, 2021, while this appeal was pending, the Governor signed Senate Bill No. 567, which amends section 1170, subdivision (b)(1) to provide that the trial court "shall, in its sound discretion, order imposition of a sentence not to exceed the middle term," except where "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(1), (b)(2); see Stats. 2021, ch. 731, § 1.) However, the new section 1170, subdivision (b)(3) provides that "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3); see Stats. 2021, ch. 731, § 1.)

McGilberry argues that because the judgment in his case was not final by Senate Bill No. 567's effective date of January 1, 2022, he is entitled to the retroactive benefit of that legislation, and because the trial court relied on aggravating factors not found true by the jury in imposing the upper term on count 2, he is entitled to a remand for resentencing. (See *In re Estrada* (1965) 63 Cal.2d 740, 744–745 [when Legislature amends statute to lessen punishment presumption applies that it must have intended the change to apply to all judgments of conviction not yet final].)

5

The Attorney General concedes that Senate Bill No. 567 applies retroactively to McGilberry's sentence. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 ["The People correctly concede the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal"].) He further concedes that because the probation report relied on McGilberry's use of a weapon during the offense as a factor in aggravation even though it was the basis for the firearm enhancements (see § 1170, subd. (b)(5)), and made a bare finding that the factors in aggravation outweighed those in mitigation without specifying any underlying circumstances found true by the jury, remand is appropriate so that the prosecution may be "given the election of proceeding under the new version of section 1170, subdivision (b) or accepting resentencing." In his reply brief, McGilberry states that "the district attorney should be given the opportunity either to prove the existence of aggravating circumstances before a jury in compliance with section 1170, subdivision (b)(2) or to submit to resentencing, which under the current state of the current record, would require imposition of the middle term."

We accept the Attorney General's concessions, and accordingly we will remand for resentencing on count 2 under Senate Bill No. 567.[3]

**Assembly Bill No. 124**

Also on October 8, Governor Newsom signed Assembly Bill No. 124, which amends section 1170, subdivision (b)(6) to create a presumption that

---

[3] We do not express any opinion on what sentences are permissible under the "current state" of the record, a question for the trial court to decide in the first instance.

the trial court should impose the lower term where the defendant is under 26 years of age, or has suffered "psychological, physical or childhood trauma [related to] abuse, neglect, . . . or sexual violence."

Section 1170, subdivision (b)(6) now provides:

"Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:

"(A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.

"(B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7[4] at the time of the commission of the offense.

"(C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking."

With respect to Assembly Bill No. 124, McGilberry argues that because he was both 19 years old at the time of the offense and a person who has "experienced psychological, physical, or childhood trauma," he was entitled to a presumption that he be sentenced to the lower term on count 2. The Attorney General concedes that a remand is appropriate so that the trial court can make the necessary findings and apply section 1170, subdivision

---

[4] "A 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed." (§ 1016.7, subd. (b).)

7

(b)(6) as amended in the first instance.  We agree.  (See *People v. Flores, supra,* 73 Cal.App.5th at p. 1039 [doing same].)

## DISPOSITION

The sentence on count 2 is vacated and the matter is remanded to the trial court to resentence McGilberry on count 2 under the current version of section 1170, subdivision (b) as amended by Senate Bill No. 567 and Assembly Bill No. 124.

_____
Richman, Acting P. J.

We concur:


_____
Miller, J.


_____
Mayfield, J. *




*People v. McGilberry* (A163578)

     *Superior Court of Mendocino County, Judge Cindee Mayfield, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9